IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CITIBANK, N.A.,

    Plaintiff,

v.

BOMBSHELL TAXI LLC, CANDY APPLE TAXI LLC, CHOPARD TAXI INC., CUPCAKE TAXI LLC, DORIT TRANSIT INC., HENNESSY TAXI LLC, ICEBERG TAXI INC., MARSEILLE TAXI LLC, MILKYWAY CAB CORP., PALERMO TAXI INC., POINTER TAXI INC., PUDDING TAXI LLC, STOLI TAXI INC., VSOP TAXI INC., BOURBON TAXI LLC, BUTTERFLY TAXI LLC, CHIANTI TAXI LLC, FRANCE TAXI LLC, HYPNOTIC TAXI LLC, MERLOT TAXI LLC, PINOT NOIR TAXI LLC, VODKA TAXI LLC, TAXI CLUB MANAGEMENT, INC., BADGER TAXI LLC, BELVEDERE TAXI LLC, COGNAC TAXI LLC, COTE DZUR TAXI, INC., CUERVO TAXI LLC, DONKEY TAXI LLC, DRAGONFLY TAXI LLC, ENAF TAXI, INC., GOLDEN BEETLE TAXI LLC, GRASSHOPPER TAXI LLC, KOALA TAXI LLC, MACAR TAXI LLC, PANDA TAXI LLC, PELICAN TAXI LLC, PRAVDA TAXI LLC, PURLIE TRANS. CORP., SANGRIA TAXI LLC, SPLIT TRANSIT INC., TORI AND SARAH HACKING CORP., WASP TAXI LLC, WOLVERINE TAXI, INC., EVGENY FRIEDMAN and NEW YORK CITY TAXI AND LIMOUSINE COMMISSION,

    Defendants.

CIVIL ACTION NO.: 15-5938

Removed from:

Supreme Court of the State of New York, New York County

## NOTICE OF REMOVAL

TO:    THE JUDGES OF THIS UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF NEW YORK

Bombshell Taxi LLC, Bourbon Taxi LLC, Butterfly Taxi LLC, Candy Apple Taxi LLC, Chianti Taxi LLC, Chopard Taxi, Inc., Cupcake Taxi LLC, Dorit Transit Inc., France Taxi LLC, Hennessey Taxi Inc., Hypnotic Taxi LLC, Iceberg Taxi Inc., Marseille Taxi LLC, Merlot Taxi LLC, Milkyway Cab Corp., Palermo Taxi Inc., Pinot Noir Taxi LLC, Pointer Taxi Inc., Pudding Taxi LLC, Stoli Taxi Inc., Vodka Taxi LLC, and VSOP Taxi Inc. (the "Removing Defendants"), give notice of removal of the entirety of the above-captioned lawsuit ("Civil Action") from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1334(b) and 1452. As grounds for removal, Removing Defendants state as follows:

1.  On March 6, 2015, Citibank, N.A. ("Plaintiff"), commenced the Civil Action in the Supreme Court for the State of New York, New York County, *CITIBANK, N.A. v. BOMBSHELL TAXI LLC, et al.*, Index No.: 650691/2015.

2.  In the Complaint, Plaintiff seeks to recover on various secured loans ("Loans") made by Plaintiff to numerous corporate entities, all of which own and operate New York City yellow taxis pursuant to medallions issued by the New York City Taxi and Limousine Commission ("Medallions"), and on various related guaranties. Plaintiff also seeks to take possession of the Removing Defendants' respective Medallions. It alleges that as a result of the maturity of some loans, payment defaults, cross-defaults and certain guaranties, all of the loans are due in full and the defendants are indebted to Plaintiff in the aggregate principal sum of $31,535,626.79, plus interest and various other amounts, and Plaintiff is entitled to immediate possession of all collateral, including the Medallions.

3.   In their Answers, Removing Defendants and non-removing defendants asserted twelve (12) counterclaims seeking: (i) damages against Plaintiff based upon alleged fraudulent inducement, fraud, negligence, tortious interference, negligent misrepresentation, breach of fiduciary duty, unjust enrichment, breach of contract, recoupment, breach of covenant of good faith and fair dealing, (ii) a judgment declaring that Plaintiff did not have the right to accelerate the Loans, and (iii) an accounting.

4.   Removal of the Civil Action is appropriate because this Court maintains "arising under" and "related to" bankruptcy jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 1452(a).

### Bankruptcy Jurisdiction

5.   On July 22, 2015, Removing Defendants each filed a voluntary petition for relief under Chapter 11 of the United State Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York. On July 27, 2015, the Removing Defendants filed a motion seeking joint administration in *In re Hypnotic Taxi LLC*, Case No.: 15-43300 (CEG) ("Bankruptcy Cases"). The case numbers for the Removing Defendants' respective chapter 11 cases are as follows: Bombshell Taxi LLC (Case No. 15-43301); (iii) Bourbon Taxi LLC (Case No. 15-43302); (iv) Butterfly Taxi LLC (Case No. 15-43303); (v) Candy Apple Taxi LLC (Case No. 15-43304); (vi) Chianti Taxi, LLC (Case No. 15-43305); (vii) Chopard Taxi Inc. (Case No. 15-43306); (viii) Cupcake Taxi LLC (Case No. 15-43307); (ix) Dorit Transit Inc. (Case No. 15-43308); (x) France Taxi LLC, (Case No. 15-43309); (xi) Hennessey Taxi Inc. (Case No. 15-43310); (xii) Iceberg Taxi Inc. (Case No. 15-43311); (xiii) Marseille Taxi LLC (Case No. 15-43312); (xiv) Merlot Taxi LLC (Case No. 15-43313); (xv) Milkyway Cab Corp. (Case No 15-43314); (xvi) Palermo Taxi, Inc. (Case No. 15-43315); (xvii) Pinot Noir Taxi LLC (Case No. 15-

43316); (xviii) Pointer Taxi LLC, (Case No. 15-43317); (xix) Pudding Taxi Inc. (Case No. 15-43318); (xx) Stoli Taxi Inc. (Case No. 15-43319); (xxi) Vodka Taxi LLC (Case No. 15-43320); and (xxii) VSOP Taxi Inc. (Case No. 15-43321).The Bankruptcy Cases are pending before the Honorable Carla E. Craig, United States Bankruptcy Judge.

6.  This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1334(b), which provides that United States district courts shall have jurisdiction over all civil proceedings, "arising under" or "related" to cases under title 11 of the United States Code (the "Bankruptcy Code").

7.  The causes of actions asserted by Plaintiff in the Civil Action are "core proceedings" within the meaning of, inter alia, 28 U.S.C §157(b)(2)(B), (C), (E), and (O) in that the Civil Action concerns, inter alia, (i) allowance or disallowance of claims against the Removing Defendants' bankruptcy estates; (ii) counterclaims by the Removing Defendants against Plaintiffs who hold claims against the Removing Defendants' bankruptcy estates; (iii) orders seeking to turn over property of the estate, and (iv) other matters pertaining to the liquidation of the assets of the estate and the adjustment of the debtor-creditor relationship.

8.  Alternatively, the causes of action in the Civil Action are "related to" the Bankruptcy Cases because:

    a.  Plaintiff seeks a judgment against the Removing Defendants, which "could conceivably have" an effect on the Removing Defendants' bankruptcy estates;

    b.  Plaintiff seeks immediate possession of Removing Defendants Medallions, which "could conceivably have" an effect on the Removing Defendants' bankruptcy estates;

Case 1-15-01185-cec    Doc 1    Filed 11/05/15    Entered 11/05/15 15:32:27
Case 1:15-cv-05067-PKC-RER   Document 1   Filed 07/29/15   Page 5 of 7 PageID #: 5

  c. Plaintiff seeks judgment against non-debtor defendants and individuals based upon guaranties of certain of Removing Defendants' obligations under certain loan documents. As a result non-Removing Defendants may seek contribution or indemnification from Removing Defendants, which "could conceivably have" an effect on the Removing Defendants' bankruptcy estates; and

  d. Plaintiff seeks judgment against non-debtor defendants under certain loan documents and against Removing Defendants based upon guaranties of the non-debtor defendants' obligations under the loan documents. Judgments entered against and amounts collected from non-debtor defendants could affect the amounts owed, if any, by Removing Defendants under their respective guaranties. As a result, a judgment against the non-debtor defendants "could conceivably have" an effect on the Removing Defendants' bankruptcy estates.

*See In re Cuyahoga Equip. Corp.,* 980 F.2d 110, 114 (2d Cir. 1992) ("The test ... is whether [the litigation's] outcome might have any conceivable effect on the bankrupt estate."). An action is "related to" a bankruptcy proceeding even when the claims are between third parties. *Celotex Corp. v. Edwards,* 514 U.S. 300 (1995)(resolving a circuit split by holding that a dispute between parties other than the debtor may be "related to" bankruptcy although the debtor has no interest in the property over which the parties are in dispute).

  9. Courts have regularly held that third party proceedings are "related to" bankruptcy proceedings when the defendants have a claim for indemnification or contribution against the debtor estate even where the rights are contingent. *See In re Worldcom, Inc. Sees. Litig.,* 293 B.R. 308, 321 (S.D.N.Y. 2003)("Because the effect of contribution claims on the

bankruptcy estate is at the very least conceivable, the ... action is related to the bankruptcy and subject to the jurisdiction of this Court."), *see also In re Masterwear Corp.,* 241 B.R. 511, 516-17 (Bankr. S.D.N.Y. 1999) (holding that "related to" jurisdiction existed where defendants "may ultimately be entitled to recover some or all of their legal fees and expenses from [the bankrupt corporation] under [its] bylaws).

10. For any claims or parties not subject to jurisdiction under 28 U.S.C. § 1334, supplemental jurisdiction lies under 28 U.S.C. § 1367 because all claims against all parties in this case form part of the same case or controversy.

## Compliance With Procedural Requirements

11. Pursuant to Fed. R. Bankr. P. Rule 9027: (a) this Notice of Removal is being filed with the clerk for the district and division within which the Civil Action is pending; (b) this Notice of Removal is signed pursuant to Fed. R. Bankr. P. Rule 9011; (c) Removing Defendants state that the Civil Action is a core proceeding, but if it is determined to be non-core, Removing Defendants do not consent to entry of final orders or judgment by the Bankruptcy Court; (d) this Notice of Removal is being timely filed; (e) this Notice of Removal is accompanied by a copy of all process and pleadings filed to date in the Civil Action, (f) Removing Defendants have contemporaneously filed a copy of this notice with the Clerk of the Supreme Court of the State of New York, County of New York and shall promptly serve a copy of this Notice of Removal upon Plaintiff's counsel.

### Transfer of Venue

12. Subsequent to removal, the Civil Action should be transferred to the United States District Court for the Eastern District of New York and referred to the United States Bankruptcy Court for the Eastern District of New York.

13. Promptly after the filing of this Notice of Removal, Removing Defendants anticipate filing a motion to transfer venue.

14. Removing Defendants expressly reserve the right to raise all defenses in this action after it is removed.

WHEREFORE, the Removing Defendants remove the Civil Action from the Supreme Court of the State of New York, New York County to the United States District Court for the Southern District of New York.

Dated: New York, New York
       July 29, 2015

                                    Klestadt Winters Jureller Southard & Stevens, LLP

                                    By: _____
                                       Sean C. Southard
                                       Fred Stevens
                                       Brendan M. Scott
                                    570 Seventh Avenue, 17th Floor
                                    New York, NY 10018-6314
                                    Telephone: (212) 972-3000
                                    Facsimile: (212) 972-2245
                                    ssouthard@klestadt.com
                                    fstevens@klestadt.com
                                    bscott@klestadt.com

                                    *Attorneys for Removing Defendants*