Hearing Date: December 2, 2015
Time: 3:30 P.M.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>HYPNOTIC TAXI LLC, et al.,[1]<br><br>Debtors. | Case No.: 15-43300 (CEC)<br>(Jointly Administered) |
| CITIBANK, N.A.,<br><br>Plaintiff,<br><br>- against -<br><br>BOMBSHELL TAXI LLC, et al.,<br><br>Defendants. | Adv. Proc. No. _____ |

# MEMORANDUM OF LAW IN SUPPORT OF
## ABSTENTION PURSUANT TO 28 USC § 1334(c)
## OR, ALTERNATIVELY, REMAND PURSUANT TO 28 USC § 1452(b)

ZEICHNER ELLMAN & KRAUSE LLP
Attorneys for Plaintiff
1211 Avenue of Americas
New York, New York 10036
Telephone: (212) 223-0400

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers are (i) Hypnotic Taxi LLC (6632)(Case No. 15-43300); (ii) Bombshell Taxi LLC (1282)(Case No. 15-43301); (iii) Bourbon Taxi LLC (7155)(Case No. 15-43302); (iv) Butterfly Taxi LLC (6992)(Case No. 15-43303); (v) Candy Apple Taxi LLC (0249)(Case No. 15-43304); (vi) Chianti Taxi, LLC (6799)(Case No. 15-43305); (vii) Chopard Taxi Inc. (0746)(Case No. 15-43306); (viii) Cupcake Taxi LLC (0324)(Case No. 15-43307); (ix) Dorit Transit Inc. (9129)(Case No. 15-43308); (x) France Taxi LLC, (9592)(Case No. 15-43309); (xi) Hennessey Taxi Inc. (4039)(Case No. 15-43310); (xii) Iceberg Taxi Inc. (5877)(Case No. 15-43311); (xiii) Marseille Taxi LLC (9890)(Case No. 15-43312); (xiv) Merlot Taxi LLC (7103)(Case No. 15-43313); (xv) Milkyway Cab Corp. (5061)(Case No 15-43314); (xvi) Palermo Taxi, Inc. (5956)(Case No. 15-43315); (xvii) Pinot Noir Taxi LLC (6725)(Case No. 15-43316); (xviii) Pointer Taxi LLC, (2323)(Case No. 15-43317); (xix) Pudding Taxi Inc. (0432)(Case No. 15-43318); (xx) Stoli Taxi Inc. (4079)(Case No. 15-43319); (xxi) Vodka Taxi LLC (4239)(Case No. 15-43320); and (xxii) VSOP Taxi Inc. (3909)(Case No. 15-43321).

Plaintiff Citibank, N.A. ("Citibank") submits this Memorandum of Law in support of its motion for abstention pursuant to 28 USC § 1334 (c) or, alternatively, remand pursuant to 28 USC § 1452 (b).

## PRELIMINARY STATEMENT

Prior to the Debtors' bankruptcy filings, Citibank was prosecuting the captioned Action[2] in New York County Supreme Court (the "State Court") against the Debtors, Freidman and Taxi Club to recover on certain loans and guaranties. The State Court issued an Order directing the New York City Sheriff to seize Citibank's primary collateral – New York City taxi medallions owned by the Debtors. The Debtors filed Chapter 11 petitions to stay enforcement of that seizure order. The automatic stay, however, did not protect Freidman from imminent judgment on his guaranty. Therefore, the Debtors filed a notice of removal of the entire Action; including Citibank's claims against Freidman.

The claims in the removed Action consist of:

a. Citibank's claims against the Debtors to recover on the Medallion Loans;

b. Citibank's claims against non-debtor Taxi Club to recover on the $1.5 Million Loan and against the Debtors on their guaranties of the $1.5 Million Loan;

c. Citibank's claims against Freidman on his unconditional guarantees of payment of each of the Loans (the "Freidman Guaranty Claim"); and

d. Counterclaims asserted by all defendants seeking damages based on alleged fraudulent or other wrongful conduct,

---

[2] Unless otherwise defined herein, capitalized terms shall have the respective meanings ascribed in the accompanying Declaration of Nathan Schwed (the "Schwed Decl.").

declaratory judgment that Citibank had no right to accelerate the loans at issue, and an accounting.

One month before the Debtors' bankruptcy filings, Citibank filed its motion for summary judgment on, inter alia, the Freidman Guaranty Claim and Freidman's counterclaims (together, the "Freidman Claims"). Freidman filed his opposition to the summary judgment motion several hours after the Debtors' bankruptcy filings. Citibank's motion for summary judgment was pending and awaiting Citibank's reply papers when the Debtors removed the Action.

This Court should abstain from hearing the entire Action or, at a minimum, the Freidman Claims and promptly remand to the State Court.

## BACKGROUND

The relevant background is set forth in the accompanying Declaration of Nathan Schwed.

## ARGUMENT

### POINT I

### 28 U.S.C. § 1334(c)(2) MANDATES ABSTENTION AND REMAND

28 U.S.C. § 1334(c)(2) requires that this Court abstain from hearing the Action:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district

2

court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

As noted in In re New 118th LLC, 396 B.R. 885 (Bankr. S.D.N.Y. 2008):

> The Court must abstain if
>
> (1) the motion to abstain was timely; (2) the action is based on a state law claim; (3) the action is "related to" but not "arising in" a bankruptcy case or "arising under" the Bankruptcy Code; (4) *Section 1334* provides the sole basis for federal jurisdiction; (5) an action is commenced in state court; (6) that action can be "timely adjudicated" in state court. N.Y. City Employees' Retirement Sys. v. Ebbers (In re WorldCom, Inc. Sec. Litig.), 293 B.R. 308, 331 (S.D.N.Y. 2003). The principles of mandatory abstention apply to removed actions. Mt. McKinley Ins. Co. v. Corning Inc., 399 F.3d 436, 446-47 (2d Cir. 2005).

New 118th LLC, 396 B.R. at 892.

The Action meets all these criteria and, accordingly, mandatory abstention (and remand) is required. This motion for abstention is timely inasmuch as it is being filed almost immediately after the removed Action was referred to the Bankruptcy Court. The Action consists only of state law causes of action, was commenced in the State Court, and can be timely adjudicated in the State Court.[3] Moreover, the sole basis for federal jurisdiction is provided by Section 1334.

Finally, none of the claims in the Action are predicated on any right created by a provision of title 11. Each of the claims existed, and was in fact asserted and being litigated, outside of the bankruptcy. Accordingly, they do not

---

[3] Notably, a dispositive motion with respect to several claims has already been mostly briefed (only Citibank's reply brief remains to be submitted), making it ripe for adjudication.

3

"arise under title 11" or "arise in a case under title 11."[4] They are merely "related to" the Debtors' bankruptcy cases.

Accordingly, 28 U.S.C. § 1334(c)(2) requires that this Court abstain from exercising jurisdiction over the Action.

## POINT II

### ABSTENTION IS WARRANTED UNDER 28 U.S.C. § 1334(c)(1)

Even were abstention not mandated by 28 U.S.C. § 1334(c)(2), it is warranted under § 1334(c)(1). The Court should consider the following factors when determining whether to abstain pursuant to § 1334(c)(1):

> (1) the effect on the efficient administration of the estate; (2) the extent to which state law issues predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) the existence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than *28 U.S.C. § 1334*; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of the asserted "core" proceeding; (8) the feasibility of severing state law claims or bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy judge's docket; (10) the likelihood that the commencement of the proceeding in the bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceedings of nondebtor parties. See In re Chicago, Milwaukee, St. Paul & Pacific Railroad Co., 6 F.3d 1184, 1189 (7th Cir. 1993); JCC Capital Corp.

---

[4] Core proceeding are those matters that "arise under" or "arise in" a bankruptcy proceeding. Those that "arise under" title 11 involve claims "predicated on a right created by a provision of title 11." Drexel Burnham Lambert Group, Inc. v. Vigilant Insurance Co., 130 B.R. 405, 407 (S.D.N.Y. 1991) (citing World Travel Vacation Brokers, Inc. v. The Bowery Savings Bank (In re Chargit Inc.), 81 B.R. 243, 247 (Bankr. S.D.N.Y. 1987)). Actions that "arise in" a title 11 proceeding are those that "are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." Id.

In re Olympia &York Maiden Lane Company LLC, 1999 Bankr. LEXIS 91 at *6 (Bankr. S.D.N.Y. 1999).

v. Fisher, 147 B.R. 349, 354 (S.D.N.Y. 1992); In re American Motor Club, Inc., 149 B.R. 317, 323 (Bankr. E.D.N.Y. 1993); Republic Reader's Service, Inc. v. Magazine Service Bureau, Inc. (In re Republic Reader's Serv., Inc.), 81 B.R. 422, 428 (Bankr. S.D. Tex. 1987). We enjoy wide discretion to abstain under *§ 1334(c)(1)* provided our decision is "informed by legitimate considerations." See Coker v. Pan American World Airways, Inc. (In re Pan American Corp.), 950 F.2d 839, 848 (2d Cir. 1991).

In re Olympia & York Maiden Lane Company, LLC, at 24.

Here, (1) continuation of the entire Action (and certainly at the very least the Freidman Claims) in the State Court will have no adverse effect on the efficient administration of the Debtors' estates; (2) the Action involves solely state law claims and issues; (3) the Action was commenced in the State Court; (4) the applicable state law is neither difficult or unsettled; (5) there is no basis for federal jurisdiction other than under 28 U.S.C. § 1334; (6) the Freidman Claims have little relation to the bankruptcy cases; (7) the claims do not involve "core" proceedings; (8) enforcement of any judgment against the Debtors can be left to the Bankruptcy Court; (9) there is no reason to burden the Bankruptcy Court's docket with the Action, especially since the State Court is already familiar with all of the issues raised by both parties while the Bankruptcy Court has had minimal exposure to the issues raised in the Action; (10) removal of the Action was a transparent attempt at forum shopping by Freidman in order to get away from the State Court which rejected his arguments in granting an order of seizure; (11) the State Court affords the parties a right to a jury trial; and (12) Citibank, Freidman and Taxi Club are nondebtor parties whose dispute should be resolved in State Court. The State Court is best suited to make necessary determinations and enter judgments as to amounts

due under state law, and can readily do so while leaving enforcement vis-à-vis the Debtors to this Court.

Accordingly, abstention is warranted under 28 U.S.C. § 1334(c)(1).

## POINT III

### THE STATE ACTION SHOULD BE REMANDED ON EQUITABLE GROUNDS

28 U.S.C. § 1452(b) of the United States Code provides: "The Court to which such a claim or cause of action is removed may remand such claim or cause of action on any equitable ground." The entire Action should be remanded on equitable grounds. However, if the Court concludes that the claims against the Debtors should not be remanded, then, at a bare minimum, the Freidman Claims should be remanded on equitable grounds. In re Cathedral of the Incarnation in the Diocese of Long Island, 99 F.3d 66, 69 (2d Cir. 1996); see also Farace v. Pereira, 2004 WL 1638090 (S.D.N.Y. 2004). Midlantic National Bank v. Comtek Electronics, (In re Comtek), 23 B.R. 449; 1982 Bankr. LEXIS 3169 (Bankr. S.D.N.Y. 1982), is precisely on point. In Comtek, the Court not only remanded a state court action (for payment on a guaranty) on equitable grounds but held that the initial removal was itself "inequitable":

> Debtor's removal of an action which, in effect, stays a state court action not only against itself but against a non-debtor codefendant is inequitable. In re Greco, 3 B.R. 18, 20-1 (Bankr. D. Haw. 1979). A bankruptcy court's concern is with the debtor's assets. If a creditor can recover on its debts from some other source than the debtor's assets, the Bankruptcy Court usually will not prevent such efforts. See In re Bellucci, 9 B.R. 887 (Bankr. D. Mass 1981). Margee Weiss, a co-defendant in the New York action, is not a debtor before this Court. If Midlantic aims to satisfy its claim on the promissory

> notes by seeking to enforce Miss Weiss' guarantee, this Court will not prevent such action against Miss Weiss, a non-debtor, and will permit remand of the action to New York state court.
>
> Determination of the liability of a guarantor is a state law action and a state court is "better able to respond" to a suit involving state law. In re Calabria, 5 B.R. 73 (Bankr. D.Conn. 1980); see 1 Collier on Bankruptcy para. 3.01 p. 3-80 (15th ed. 1982). Again, remand is appropriate.
>
> Conservation of juridical resources, avoidance of multiplicity of actions, and considerations of comity are grounds for remand. See In re U.S. Air Duct Corp., 8 B.R. 848, 854 (Bankr. N.D.N.Y. 1981). Midlantic had already instituted its suit in New York state court when the action was removed. This Court will permit Midlantic to pursue its remedies against Margee Weiss in the state court, where proceedings had already been instituted.

In re Comtek, 23 B.R. at 451; see also In re Olympia & York, supra, and cases cited therein; In re Greco, 3 B.R. at 20-21 (Where a state court action was commenced naming two defendants, the debtor and the non-debtor spouse, Court held equitable considerations dictated the matter should be remanded to the state court since to do otherwise would effectively stay the state court action against a non-debtor).

Similarly, in Schumacher v. White, 429 B.R. 400 (E.D.N.Y. 2010), the Court held that the adjudication of a straightforward guaranty, such as the one at issue here, should be left to the state courts, particularly when an action to do so has already been commenced:

> The Court further notes that the underlying causes of action contained in Schumacher's complaint and White's complaint are state law claims. Schumacher's action is on a guaranty, and White's action against third-party defendants is for indemnification. Concededly, there is no indication that these claims are in any way novel or that they "involve arcane or idiosyncratic provisions of state law that would warrant abstention based on comity concerns." Kirschner v. Bennett, 07 Civ. 8165 (GEL), 2008 U.S. Dist. LEXIS 37214, 2008 WL 1990669, at *8 (S.D.N.Y. May 6, 2008) (citation omitted).

7

> However, "Congress has made it plain that, in respect to noncore proceedings such as this (i.e., cases which assert purely state law causes of action), the federal courts should not rush to usurp the traditional precincts of the state court." Drexel, 130 B.R. at 409.

Schumacher v. White, 429 B.R. at 409. See also, HGC, at * 18 ("Although this may be true, the fact still remains that the Complaint is based *solely* upon state law. The state court is the appropriate forum for hearing the Non-Debtor Counts against the Non-Debtor Defendants, and is used to hearing causes of action such as those tort theories asserted in the Non-Debtor Counts.").

The Debtors' removal of the Action was intended to effectively stay Citibank from proceeding against Freidman, take the Action out of the jurisdiction of the State Court because it had rejected Freidman's arguments and delay the inevitable granting of summary judgment against Freidman. Equitable considerations require that the Action be remanded to the State Court. In re Parsons, 2007 Bankr. LEXIS 2865 at*9 (D. Md. 2007) ("In reaching this decision, the court has considered the following factors. First, the removal of this case from the Circuit Court as to the non-debtor Defendants was, beyond any shadow of a doubt, done in an effort made on behalf of those Defendants to forestall the day of decision. If these parties had any faith whatsoever as to the merits of their positions, and especially with regard to the counterclaim that seeks more than ten times the amount of the original complaint filed by Amazon, they would have proceeded with the case.").

Accordingly, the Action should be remanded to State Court for further adjudication.

## CONCLUSION

For the reasons set forth above, Citibank requests that the Court order that the Action be remanded to New York County Supreme Court, and grant such other further and different relief as is just and proper.

Dated:   New York, New York
         November 5, 2015

ZEICHNER ELLMAN & KRAUSE LLP

By: _____
   Nathan Schwed
   Jantra Van Roy
   Robert Guttman
   Attorneys for Citibank, N.A.
   1211 Avenue of Americas
   New York, New York 10036
   (212) 223-0400

827644v6