UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

|   |   |
|---|---|
| In re<br><br>HYPNOTIC TAXI LLC, et al.,[1] | Case No.: 15-43300 (CEC)<br>(Jointly Administered) |
| Citibank, N.A.,<br><br>        Plaintiff,<br><br>   - against -<br><br>BOMBSHELL TAXI LLC, et al.,<br><br>        Defendants. | Adv. Proc. No. 15-01185 (CEC)<br><br>**ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER** |

UPON reading the Declarations of Bernadette Walsh and Nathan Schwed, Esq., each dated November 5, 2015, and the exhibits annexed thereto, and upon all the prior pleadings and proceedings heretofore had herein, it is hereby

ORDERED THAT:

Evgeny Freidman ("Freidman"), the Kelly Funding Trust ("Kelly Trust"), and the Birkin Funding Trust ("Birkin Trust"), Lindy Funding Trust ("Lindy Trust) and

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers are (i) Hypnotic Taxi LLC (6632)(Case No. 15-43300); (ii) Bombshell Taxi LLC (1282)(Case No. 15-43301); (iii) Bourbon Taxi LLC (7155)(Case No. 15-43302); (iv) Butterfly Taxi LLC (6992)(Case No. 15-43303); (v) Candy Apple Taxi LLC (0249)(Case No. 15-43304); (vi) Chianti Taxi, LLC (6799)(Case No. 15-43305); (vii) Chopard Taxi Inc. (0746)(Case No. 15-43306); (viii) Cupcake Taxi LLC (0324)(Case No. 15-43307); (ix) Dorit Transit Inc. (9129)(Case No. 15-43308); (x) France Taxi LLC, (9592)(Case No. 15-43309); (xi) Hennessey Taxi Inc. (4039)(Case No. 15-43310); (xii) Iceberg Taxi Inc. (5877)(Case No. 15-43311); (xiii) Marseille Taxi LLC (9890)(Case No. 15-43312); (xiv) Merlot Taxi LLC (7103)(Case No. 15-43313); (xv) Milkyway Cab Corp. (5061)(Case No 15-43314); (xvi) Palermo Taxi, Inc. (5956)(Case No. 15-43315); (xvii) Pinot Noir Taxi LLC (6725)(Case No. 15-43316); (xviii) Pointer Taxi LLC, (2323)(Case No. 15-43317); (xix) Pudding Taxi Inc. (0432)(Case No. 15-43318); (xx) Stoli Taxi Inc. (4079)(Case No. 15-43319); (xxi) Vodka Taxi LLC (4239)(Case No. 15-43320); and (xxii) VSOP Taxi Inc. (3909)(Case No. 1543321).

the Evelyn Funding Trust ("Evelyn Trust" and, together with Kelly Trust, Birkin Trust, and Lindy Trust, the "Trusts"), or their attorneys, show cause before the Honorable Carla E. Craig, Chief United States Bankruptcy Judge, at a hearing to be held at the United States Bankruptcy Court, Eastern District of New York, 271-C Cadman Plaza East, Brooklyn, New York 11201, on the ___ day of November, 2015, at _____ _.m., or as soon thereafter as counsel can be heard, why the Court should not enter an order (a) pursuant to Rule 7064 of the Federal Rules of Bankruptcy Procedure, Rule 64 of the Federal Rules of Civil Procedure and CPLR §6201 et seq., providing for an attachment of the Freidman's assets, including without limitation any assets transferred by Freidman to the Trusts, (b) pursuant to CPLR §6220, authorizing Citibank to obtain expedited disclosure from any person having knowledge regarding any property in which Freidman has an interest, including, without limitation, Freidman, Sandra Friedman (his wife), the trustees of the Trusts and Ethan Gerber, and (c) grant such other and further different relief as is just and proper; and

        IT APPEARING THAT (i) a cause of action for a money judgment exists in favor of plaintiff against, inter alia, Freidman for the sum of $35,956,502.89, plus interest accruing after October 30, 2015 and other amounts due under the relevant loan documents, (ii) it is probable that plaintiff will succeed in obtaining an order of attachment, (iii) Friedman, with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in Citibank's favor, has assigned, disposed of, and secreted property by transferring his interests in real estate owning entities to the Trusts; (iv) unless restrained, he may do so again in the future with

respect to other assets, and (v) unless restrained, the Trusts may assign, dispose or otherwise dissipate the assets which might be subject to the order of attachment; it is

ORDERED, pursuant to CPLR 6210, that pending the hearing and further order of the Court, Freidman, any agents of Freidman, and any garnishee (as defined in CPLR Article 62), including the Trusts, and their respective trustees, shall be forbidden to make or suffer any sale, assignment or transfer of, or any interference with any property in which Freidman or his agents or such garnishee knows or has reason to believe that Freidman has an interest, including, without limitation, any assets transferred by Freidman to the Trusts, and such garnishees are forbidden to pay over or otherwise dispose of any debt then due or thereafter coming due to Freidman, except upon direction of the Court; and it is further

ORDERED, that, if the Court grants the Order of Attachment sought by Citibank, Citibank shall be entitled to demand expedited discovery from persons with information regarding assets in which Freidman has an interest, including without limitation, Freidman, his wife, Sandra Freidman, the Trusts and their respective trustees, and Ethan Gerber, and the foregoing persons shall provide such disclosure no later than _____, 2015; and it is further

ORDERED, that service of a copy of this Order to Show Cause, together with the papers upon which it is granted by overnight delivery on or before November __, 2015 on Evgeny Freidman, c/o Fox Rothschild LLP, 100 Park Avenue, Ste. 1500, New York, New York 10017, Attn: Brendan Scott, Esq.; Ellen Walker, as Trustee, c/o Granoff Walker & Forlenza, P.C., 747 Third Avenue, 4th Fl., New York, NY 10017; Edward Mermelstein, as Trustee, 302 Fifth Avenue, 8th Floor, New York, New York

10001; Everett Abitbol, as Trustee, 641 North Broad Street, Philadelphia, PA 19123; Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41 Street, 17 Floor, New York, NY 10036, attn.: Fred Stevens; shall be deemed good and sufficient service.

827891v4