UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>HYPNOTIC TAXI LLC, et al.,[1] | Case No.: 15-43300 (CEC)<br>(Jointly Administered) |
| Citibank, N.A.,<br>                    Plaintiff,<br>        - against -<br>BOMBSHELL TAXI LLC, et al.,<br>                    Defendants. | Adv. Proc. No. 15-01185 (CEC)<br><br>**ORDER OF ATTACHMENT** |

Upon reading and filing the Declarations of Bernadette Walsh and Nathan Schwed dated November 2, 2015 and upon all the papers and proceedings heretofore had herein, and wherein it appears to the Court that (i) a cause of action for a money judgment exists in favor of plaintiff against, inter alia, Evgeny Freidman ("Freidman") for the sum of $35,956,502.89, plus interest accruing after October 30, 2015 and other amounts due under the relevant loan documents, (ii) it is probable that plaintiff Citibank, N.A. ("Citibank") will

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers are (i) Hypnotic Taxi LLC (6632)(Case No. 15-43300); (ii) Bombshell Taxi LLC (1282)(Case No. 15-43301); (iii) Bourbon Taxi LLC (7155)(Case No. 15-43302); (iv) Butterfly Taxi LLC (6992)(Case No. 15-43303); (v) Candy Apple Taxi LLC (0249)(Case No. 15-43304); (vi) Chianti Taxi, LLC (6799)(Case No. 15-43305); (vii) Chopard Taxi Inc. (0746)(Case No. 15-43306); (viii) Cupcake Taxi LLC (0324)(Case No. 15-43307); (ix) Dorit Transit Inc. (9129)(Case No. 15-43308); (x) France Taxi LLC, (9592)(Case No. 15-43309); (xi) Hennessey Taxi Inc. (4039)(Case No. 15-43310); (xii) Iceberg Taxi Inc. (5877)(Case No. 15-43311); (xiii) Marseille Taxi LLC (9890)(Case No. 15-43312); (xiv) Merlot Taxi LLC (7103)(Case No. 15-43313); (xv) Milkyway Cab Corp. (5061)(Case No 15-43314); (xvi) Palermo Taxi, Inc. (5956)(Case No. 15-43315); (xvii) Pinot Noir Taxi LLC (6725)(Case No. 15-43316); (xviii) Pointer Taxi LLC, (2323)(Case No. 15-43317); (xix) Pudding Taxi Inc. (0432)(Case No. 15-43318); (xx) Stoli TaInc. (4079)(Case No. 15-43319); (xxi) Vodka Taxi LLC (4239)(Case No. 15-43320); and (xxii) VSOP Taxi Inc. (3909)(Case No. 1543321).

prevail on its claim, (iii) Friedman, with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in Citibank's favor, has assigned, disposed of, and secreted property by transferring his interests in real estate owning entities to the Trusts; and (iv) the amount demanded from Freidman is greater than the amount of all counterclaims known to Citibank,

NOW, therefore on motion of Zeichner Ellman & Krause LLP, counsel for plaintiff Citibank, it is

ORDERED, that Citibank's motion for an order of attachment is granted, and it is further

ORDERED, that the amount to be secured by this order of attachment, inclusive of probable interest, costs, attorneys' fees and expenses, and fees and expenses of the Sheriff of the City of New York or of any County of the State of New York (the "Sheriff"), shall be $40 million; and it is

ORDERED, that plaintiff's undertaking be and hereby is fixed in the sum of $60,000, $50,000 of which is intended to cover all costs and damages which may be sustained by Freidman by reason of the attachment, and up to, but not exceeding $10,000, to cover allowable fees for the Sheriff, if Freidman recovers judgment or if it is decided that Citibank is not entitled to an attachment of Freidman's property; and it is further

ORDERED, that the undertaking referenced above shall be posted by Citibank on or before the day it transmits this Order to the Sheriff for enforcement; and it is further

ORDERED, that the Sheriff shall levy within his or her jurisdiction at any time before final judgment upon any property in which Freidman has an interest and upon any debts owing to Freidman, and shall take into his/her actual custody all such property capable of delivery and shall collect and receive all such debts, including, but not limited to, the assets of Kelly Funding Trust, Birkin Funding Trust, Lindy Funding Trust, and Evelyn Funding Trust, and assets maintained at any financial institution, including any securities, asset management or other similar types of accounts, up to and including the sum of $40 million; and it is further

ORDERED, that, within ten (10) days after a garnishee is served with a copy of this Order, such garnishee shall serve upon the Sheriff and Plaintiff the statement required by CPLR 6219.



Dated: Brooklyn, New York  
November 16, 2015

_____  
**Carla E. Craig**  
**United States Bankruptcy Judge**