# ZEICHNER ELLMAN & KRAUSE LLP

1211 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 1003.62
(212) 223-0400
FAX: (212) 753-0396
www.zeklaw.com

35 MASON STREET
GREENWICH, CT 06830
(203) 622-0900
FAX: (203) 862-9889

103 EISENHOWER PARKWAY
ROSELAND, NJ 07068
(973) 618-9100
FAX: (973) 364-9960

JANTRA VAN ROY
(212) 826-5353
jvanroy@zeklaw.com

November 23, 2015

**BY ECF**

Honorable Carla E. Craig
United States Bankruptcy Court
Eastern District of New York
Conrad B. Duberstein U.S. Courthouse
271-C Cadman Plaza East
Brooklyn, New York 11201-1800

    Re:    **Citibank, N.A. v. Bombshell Taxi LLC, et al.**
                **Adv. Proc. No. 15-01185**

Dear Judge Craig:

        We write in response to Matthew S. Adams' letter dated November 20, 2015, seeking authorizations to conduct a deposition of an officer of Citibank regarding when and how Citibank learned of Mr. Freidman's June 22, 2015 transfers of assets to Trusts. According to Mr. Adams, "[t]his speaks directly to Citibank's allegations of fraud."

        However, Citibank's "fraud" allegation is that Mr. Freidman, with actual intent to frustrate enforcement of a judgment that a creditor may obtain, inter alia, (i) transferred his interest in entities that own more than $50 million of real estate to foreign trusts, (ii) transferred his only substantial domestic assets from which a judgment creditor could recover, (iii) used trusts that provide for automatic termination of trustees upon issuance of a court order directing or restricting the transfer of trust assets, (iv) designated himself as the "Protector" with the power to appoint and remove trustees, and to change the beneficiaries including to designate himself as the only beneficiary, and (v) used Trusts that can use the assets to secure loans and deliver the funds to Mr. Freidman or whomever he designates as a beneficiary. When and how Citibank learned of the transfers has no bearing on Mr. Freidman's actual intent to frustrate enforcement of a judgment by making the transfers. There is no fact that must be determined. Citibank concedes that the publicly filed transfer documents have been

ZEICHNER ELLMAN & KRAUSE LLP

Honorable Carla E. Craig
November 23, 2015
Page 2

available since June to be discovered by whomever did a search. When Citibank or its counsel happened to look for or learn about those documents has no relevance to Mr. Freidman's intent.

Mr. Freidman's purported need for Citibank's deposition regarding when and how it learned of the transfers is a transparent attempt to harass Citibank, which the Court should not condone. Accordingly, Citibank respectfully requests that the request be denied.

Respectfully submitted,

Jantra Van Roy

JVR:dct