

**Fox Rothschild LLP**
ATTORNEYS AT LAW

100 Park Avenue, Suite 1500
New York, NY 10017
Tel 212.878.7900  Fax 212.692.0940
www.foxrothschild.com

BRETT A. BERMAN
Direct Dial: 215-299-2842
Email Address: bberman@foxrothschild.com

December 3, 2015

**VIA ELECTRONIC FILING**

Hon. Carla E. Craig, Chief U.S.B.J.
United States Bankruptcy Court
Eastern District of New York
271-C Cadman Plaza East, Suite 1595
Brooklyn, New York 11201

Re:  **Citibank, N.A. v. Bombshell Taxi LLC et al**
     **Case No. 1:15-01185-cec**

Dear Judge Craig:

    As Your Honor is aware, we represent defendant Evgeny Freidman in connection with the above-referenced matter. We write to address two issues regarding documents recently filed by counsel for plaintiff Citibank, N.A. ("Citibank"): (i) Docket Entry 56 and (ii) Docket Entry 60. Because Citibank has filed multiple documents containing improper and misleading arguments with the Court after the November 30, 2015 hearing, we are compelled to address Citibank's improper arguments herein.

**A.   The Court Should Not Accept Citibank's Impermissible Arguing Declaration in Docket Entry 56 and Should Not Apply the Law of the Case Doctrine to this Matter**

    Regarding Docket Entry 56, Citibank's counsel filed an improper arguing declaration that, as a matter of law, should not be considered by this Court. *See e.g. Steinberg v. Nationwide Mut. Ins. Co.*, 224 F.R.D. 67, 71 (E.D.N.Y. 2004 (striking legal arguments set for in plaintiff's counsel's reply affidavit); *Bosch v. LaMattina*, 901 F.Supp 2d 394, 403 (E.D.N.Y. 2010 (finding that a declaration contained impermissible legal argument); *Danford v. City of Syracuse*, 2012 WL 4006240 at *4 (N.D.N.Y. Sept. 12, 2012)(collecting cases where the court struck down affidavits that contained improper legal arguments).

    Notwithstanding Citibank's impermissible argumentative declaration, Citibank's argument regarding the law of the case doctrine is incorrect and without merit. Second Circuit



Fox Rothschild LLP
ATTORNEYS AT LAW

Hon. Carla E. Craig, Chief U.S.B.J.
December 3, 2015
Page 2

precedent is clear that the law of the case doctrine is "a discretionary doctrine which 'does not constitute a limitation on the court's power but merely expresses the general practice of refusing to reopen what has been decided.'" *United States v. Yonkers Bd. of Educ.*, 856 F.2d 7, 11 (2d Cir. 1988) (quoting *United States c. Birney*, 686 F.2d 102, 107 (2d Cir. 1982)(internal citation omitted)). It is axiomatic that the law of the case doctrine will not be followed where there is "the need to correct a clear error or prevent manifest injustice." *Id.* (quoting *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert denied sub nom. Catholic Home Bureau v. Doe*, 464 U.S. 864 (1983)). Regarding pre-judgment hearings, "[c]ourts repeatedly have emphasized that a decision as to the likelihood of success is tentative in nature" and not binding on later proceedings in the same litigation. *Homans v. City of Albuquerque*, 366 F.3d 900, 904-05 (10th Cir. 2004) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395(1981); *Southco, Inc. v. Kanebridge Corp.*, 324 F.3d 190, 195 (3d Cir. 2003); *A.M. Capen's Co. v. Am. Trading & Prod. Corp.*, 202 F.3d 469, 473 (1st Cir. 2000)). See also 18B Fed. Prac. & Proc. Juris. § 4478.5 (2d ed.), at § 4478.5 (" Rulings—predictions—as to the likely outcome on the merits made for preliminary injunction purposes do not ordinarily establish the law of the case, whether the ruling is made by a trial court or by an appellate court.").

It is clear from the face of the Decision and Order from the Supreme Court of the State of New York, dated May 19, 2015, Justice Oing did **not** expressly find that Citibank is likely to succeed on the merits of this case. However, even if Justice Oing had made an express finding that Citibank is likely to succeed on the merits of its claims, it would not be the law of this case because Justice Oing did not hold an evidentiary hearing and did not have the opportunity to hear newly produced evidence – especially considering the numerous affidavits, depositions and discovery that have all taken place <u>after</u> Justice Oing entered the pre-judgment seizure Order on May 19, 2015, including, but not limited to: (i) the numerous depositions that have taken place over the last few weeks; (ii) the affidavits submitted in opposition to Citibank's motion for partial summary judgment; and (iii) Uber Technologies, Inc.'s refusal to provide third-party discovery in this matter. Stated differently, this Court has available for its review a more comprehensive and detailed record than the pleadings available to Justice Oing back in May 2015.

Moreover, Justice Oing's pre-judgment seizure Order does not address the issues at play in Citibank's application for an Order of Attachment to Mr. Freidman's property. The express standards for pre-judgment seizure and pre-judgment attachment are governed by two separate and distinct statutory requirements. *Compare* CPLR §7102(d) *with* CPLR §6212. Citibank's earlier application for a pre-judgment seizure Order required Justice Oing to analyze an entirely different statutory framework, including the requirement that "no defense to the claim is known to the plaintiff." *See* CPLR 7102(c). In comparison, Citibank's current application for a pre-judgment Order of Attachment necessarily requires a different analysis because here, the Court

ACTIVE 32622725v1 12/03/2015



Fox Rothschild LLP
ATTORNEYS AT LAW

Hon. Carla E. Craig, Chief U.S.B.J.
December 3, 2015
Page 3

must evaluate the facts surrounding the affirmative defenses and counterclaims asserted against Citibank's claims. *See e.g. Elliot Associates, L.P. v. Republic of Peru,* 948 F.Supp. 1203 (S.D.N.Y. 1996) (denying an order of attachment where the facts underlying the affirmative defenses were uncertain).

Accordingly, this Court should not apply the law of the case doctrine to Citibank's application for an Order of Attachment.

**B. Citibank's Argument Regarding the Statements from the Affidavit of Charles Nigro Should Not Be Accepted By this Court**

The Court should not consider the arguments made by Citibank's counsel in Docket Entry 60 regarding the Affidavit of Charles Nigro (the "Nigro Affidavit") because Mr. Freidman has been denied the opportunity to take any discovery and present any evidence relating to Citibank's purported "analysis" of the value of the collateral set forth in the Nigro Affidavit. Although Citibank had the opportunity to present its purported evidence at the November 30, 2015 hearing, it chose to not provide any testimony relating to the Nigro Affidavit and, instead, rested on their papers. Citibank now attempts to introduce unsupported statements to improperly parse the valuation of the collateral set forth in the Nigro Affidavit and manufacture the appearance that Citibank is not properly collateralized in connection with the loans at issue in this case when, in fact, the record evidence before the Court, including testimony from the November 30, 2015 hearing, demonstrates just the opposite.

Citibank's purported "breakdown" of its valuation of the underlying collateral in the Nigro Affirmation should not be considered by this Court so long as Mr. Freidman is continuously denied the opportunity to take discovery on those issues. If the Court were to accept Citibank's unsubstantiated allegations in Docket Entry 60 without affording Mr. Freidman the opportunity to conduct any discovery on these issues, Mr. Freidman is effectively precluded from presenting all facts necessary to defend against Citibank's purported analysis of the claims in the Nigro Affidavit. Accordingly, Mr. Freidman respectfully requests that the Court ignore Citibank's allegations in Docket Entry 60 and evaluate the valuation set forth in the Nigro Affidavit based solely upon the information therein and the testimony at the hearing on November 30, 2015.

ACTIVE 32622725v1 12/03/2015



**Fox Rothschild** LLP
ATTORNEYS AT LAW

Hon. Carla E. Craig, Chief U.S.B.J.
December 3, 2015
Page 4

    As always, we thank the Your Honor for your consideration of this matter. Should the Court require anything further, please do not hesitate to have Your Honor's chambers contact the undersigned directly.

                                        Respectfully submitted,

                                        /s/ Brett A. Berman
                                        Brett A. Berman

BAB:jk
cc:     Counsel of Record (*via ECF*)