

2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
Tel 215.299.2000  Fax 215.299.2150
www.foxrothschild.com

BRETT BERMAN
Direct Dial: 215-299-2842
Email Address: BBerman@FoxRothschild.com

January 14, 2016

**VIA ECF**

Chief Judge Carla E. Craig
U.S. Bankruptcy Court, EDNY
Conrad B. Duberstein Courthouse
271-C Cadman Plaza East, Suite 1595
Brooklyn, NY  11201-1800

      Re:   *In Re: Hypnotic Taxi, LLC et al.*, No. 15-43300 (CEC)
             *Citibank, N.A. v. Bombshell Taxi, LLC, et al.*, Adv. Pro. No. 15-01185 (CEC)

Dear Chief Judge Craig:

      We object to the proposed attachment order tendered by Citibank yesterday (ECF 75). Simply stated, it overreaches from both your written decision (ECF 73) and what the applicable state statute actually provides – CPLR 6201 et seq. – and is unnecessary in any event.  Instead, since your decision ends by expressly stating that the stay of the prior attachment order is lifted, the "new" order need do nothing more than state as such.  Citibank's attempt to expand on your decision and prior order is equal parts inappropriate and unnecessary.  Attached is a proposed, alternative order consistent with your decision.

      All agree that FRCP 64 governs, which provides that for pre-judgment purposes, state law remedies apply, including attachment (it is the analog to FRCP 69, which applies for post-judgment purposes).  In turn, as regards the attachment of real property, the relevant state statute provides:

> The sheriff shall levy upon any interest of the defendant in real property by filing with the clerk of the county in which the property is located a notice of attachment indorsed with the name and address of the plaintiff's attorney and stating the names of the parties to the action, the amount specified in the order of attachment and a description of the property levied upon. The clerk shall record

A Pennsylvania Limited Liability Partnership

California   Colorado   Connecticut   Delaware   District of Columbia   Florida
Illinois   Nevada   New Jersey   New York   Pennsylvania   Texas



Chief Judge Carla E. Craig
January 14, 2016
Page 2

      and index the notice in the same books, in the same manner and with the same effect, as a notice of the pendency of an action.

CPLR 6216.

    Applied here, this simply means the sheriff can record the attachment order against the real property. This makes sense since doing so then protects the bank's position in the real estate. That is all the bank is entitled to and all that is necessary to protect its interest in any event.

    Yet in the order the bank tenders, it seeks an "inspection" of the real property. Even worse, the statutory section it cites in support of "inspection" – 6220 CPLR – does not provide for any such "inspection" right, but instead simply states: "Upon motion of any interested person, at any time after the granting of an order of attachment and prior to final judgment in the action, upon such notice as the court may direct, the court may order disclosure by any person of information regarding any property in which the defendant has an interest, or any debts owing to the defendant." *Id*.

    Besides needing to strike the "inspection" provision, the proposed order likewise over reaches – and lacks statutory support – for seeking broad "disclosure" from third parties. On its face the statute requires that a party may file a motion seeking disclosure from third parties. Yet here, Citibank has yet to file such a motion. As is its consistent *modus operandi,* Citibank would apparently like to do away with all requirements – including actually obtaining a judgment – and proceed right to execution. And even if Citibank filed a motion, it is an abuse of the process to hound third parties, and again unnecessary. Citibank knows what Mr. Freidman's assets are and by attaching the underlying real property owned by the trusts, it is more than sufficiently secure.

    We see no basis for taking a state law remedy that expressly provides for execution by the "sheriff" and instead gratuitously substitutes the U.S. Marshall. That too is an (unnecessary) abuse of the process. FRCP 64 is clear and provides that parties simply look to – and use – applicable state law.

    The attachment order Your Honor originally entered (ECF 28) – which Citibank prepared – is both sufficient and consistent with the underlying, applicable state statute designed to effectuate Your Honor's opinion. It specifies an amount for attachment and also includes the real property owned by the applicable trusts cited in your decision. As your decision already provides, lifting the stay on that order is all that is necessary.



Chief Judge Carla E. Craig
January 14, 2016
Page 3

 

    The only thing that needs be added to the "new" order is a provision making clear that any party may petition to seek modification of the order.  This is because, as recognized in proceedings before Your Honor, if an offer is made to purchase the underlying assets or a proposal to refinance them is made, or if some other issue arises, the Court can then consider such offer or proposal.

    Finally, based on Your Honor's opinion, we see no reason for this Order to again address the TRO because, until the prior TRO order is amended or vacated, it (naturally) continues to govern.

    Enclosed is an alternative, appropriate order consistent with your decision.


Respectfully,

*/s/ Brett Berman*

Brett Berman

Enclosure