UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>HYPNOTIC TAXI LLC, et al., | Case No.: 15-43300 (CEC)<br>(Jointly Administered) |
| CITIBANK, N.A.,<br><br>Plaintiff,<br><br>- against -<br><br>BOMBSHELL TAXI LLC, et al.,<br><br>Defendants. | Adv. Proc. No. 15-01185 (CEC) |

**DECISION AND ORDER DENYING MOTION FOR PROTECTIVE ORDER AND SCHEDULING DISCOVERY, PRE-TRIAL SUBMISSIONS, AND HEARING**

## Background

On January 15, 2016, an order was entered in this adversary proceeding which lifted the stay of an order of attachment in favor of Citibank N.A., ("Citibank") against Evgeny Freidman ("Freidman") individually, and, in addition, for reasons explained in the Decision After Trial ("Decision") filed on January 12, 2016, allowed Citibank to attach Real Estate Entities (as defined in the Decision) in the hands of four offshore trusts, the Evelyn Funding Trust, the Birkin Funding Trust, the Lindy Funding Trust and the Kelly Funding Trust (collectively, "Trusts"), pursuant to New York Debtor & Creditor Law § 278(b)(1).

On March 23, 2016, the Trusts made a limited appearance in this proceeding and filed a petition pursuant to CPLR 6221, challenging the propriety of Citibank's order of attachment reaching the Real Estate Entities which Freidman transferred to the Trusts, and seeking related

relief. The Trusts, as permitted by CPLR 6221, do not consent to the jurisdiction of this Court with respect to any matter other than the claims asserted in the petition.

On March 25, 2016, Citibank, by order to show cause, made a motion to obtain discovery from the Trusts on an expedited basis, and a telephone conference was held that day at which the Court determined it was appropriate to shorten the time for discovery.

On April 11, 2016 Citibank filed another motion by order to show cause (ECF Doc. No. 124), which was entered by the Court ("April 13 OSC") (ECF Doc. No.131), directing the Trusts and Freidman to appear and show cause why they should not be ordered to provide information on four factual questions, and ordering that service of certain orders upon the Trusts and their current Trustees could be effected by emailing them to the Trusts' attorney.

In addition, on April 11, 2016, the Trusts made a motion for a protective order ("Protective Order Motion") (ECF Doc. No. 125) seeking an order barring Citibank from seeking responses to document production requests and from compelling the attendance at depositions of current and former Trustees of the Trusts.

On April 15, 2016, Citibank made a motion seeking an order declaring that the levies by the U.S. Marshals upon the assets Freidman transferred to the Trusts were effective, and seeking related relief ("Motion to Declare Levies Effective") (ECF Doc. No. 142).

On April 19, 2016, Citibank responded to the Trusts' Protective Order Motion by filing a cross-motion for an order of preclusion ("Preclusion Motion"), seeking to prevent the Trusts from relying on facts in relation to which the Trusts refuse to provide discovery (ECF Doc. No. 148).

Also on April 19, 2016, the Trusts filed an amended petition ("Petition") (ECF Doc. No. 150), removing those arguments which required supporting factual substantiation.

In addition, on April 19th, 2016, the Trusts filed an objection to the April 13 OSC (ECF Doc. No. 152).

On April 21, 2016, Citibank responded to the Petition, filing opposition which included a Cross-Motion for Alter-Ego Determination, which is, in substance, a defense to the Petition ("Alter-Ego Motion") (ECF Doc. No. 156).

On April 22, 2016, the Trusts, Citibank, Freidman, and the Debtors appeared for a hearing ("Hearing") on the April 13th OSC, the Protective Order Motion, and the various responses thereto.

**Question Presented**

Despite the volume of filings on these motions, the issue under consideration can be stated succinctly: Is Citibank entitled to seek discovery from the Trusts in relation to the Trusts' CPLR 6221 petition? The Trusts contend that Citibank is not entitled to the discovery sought because, they contend, the arguments the Trusts made in the Petition are purely legal. (Protective Order Motion, p.4, ¶4, ECF 125.) The Trusts also contend that any facts which are relied on in the Petition are already established by the record in this case or are not reasonably subject to dispute. Id.

**Scope of Discovery Under Federal Rule of Civil Procedure 26**

The Trusts concede that the "scope of discovery under the Federal Rules of Civil Procedure is deliberately broad as the 'overriding purpose of the federal discovery rules is to promote full disclosure of all facts to aid in the fair, prompt and inexpensive disposition of lawsuits.'" (Protective Order Motion, p. 19, ¶ 55, ECF 125) (quoting Woldum v. Roverud Const., Inc., 43 F.R.D. 420 (N.D. Iowa, 1968.) However, the Trusts contend that, notwithstanding this general rule, in this case, the discovery Citibank seeks cannot meet a

threshold showing of relevance because it does not "reasonably bear upon the issues presented to this Court in the Petition." (Protective Order Motion, p. 19, ¶ 56, ECF 125.)

The determination of whether discovery sought reasonably relates to the issues presented is within the sound discretion of the Court. Wills v. Amerada Hess Corp., 379 F.3d 32, 51 (2d Cir. 2004) (citing In re Fitch, Inc., 330 F.3d 104, 108 (2d Cir. 2003) ("It is axiomatic that the trial court enjoys wide discretion in its handling of pre-trial discovery."). In order to determine whether the discovery Citibank seeks relates to the issues presented in the Petition or Citibank's response, it is necessary to consider the particular discovery Citibank seeks and how it relates to the claims and defenses at issue.

**The Discovery Sought**

Citibank seeks from the Trusts:

All documents concerning:

1. Communications between any current or former Trustee of any of the Trusts and Freidman (and/or his agents, attorneys or employees);
2. Communications between any current Protector of any of the Trusts and Freidman (and/or his agents, attorneys or employees);
3. Communications between any attorney for any of the Trusts and Freidman (and/or his agents, attorneys or employees);
4. Communications between or among any current or former Trustee or Protector of the Trusts and any current or former attorney for the Trusts;
5. Communications between or among any current or former Trustee of the Trusts and any former or current Protector of the Trusts.
6. The appointment of any Trustee or Protector of any of the Trusts;
7. The resignation of any Trustee or Protector of any of the Trusts;
8. The termination of any Trustee or Protector of any of the Trusts;
9. Freidman 's purported resignation as Protector of the Trusts; and
10. The retention of any attorney for any of the Trusts, including the payment of any retainer or legal fee, or the commitment to pay any legal fee.

("Document Request List") (Protective Order Motion, p. 13, ECF Doc. No. 125.) In addition, Citibank has served deposition notices on all three Corporate Trustees and Trustees Artur A. Dzhilavyan and Artur D. Dzhilavyan, in which Citibank identified the topics for questioning as:

> 1. Communications between any current or former Trustee of … Trust (the "Trust") and Evgeny Freidman ("Freidman ") (and/or his agents, attorneys or employees);
> 2. Communications between any current Protector of the Trust and Freidman (and/or his agents, attorneys or employees);
> 3. Communications between any attorney for the Trust and Freidman (and/or his agents, attorneys or employees);
> 4. Communications between or among any current or former Trustee or Protector of the Trust and any current or former attorney for the Trust;
> 5. Communications between or among any current or former Trustee of the Trust and any former or current Protector of the Trust;
> 6. The appointment of any Trustee or Protector of the Trust;
> 7. The resignation of any Trustee or Protector of the Trust;
> 8. The termination of any Trustee or Protector of the Trust;
> 9. Freidman's purported resignation as Protector of the Trust;
> 10. The retention of any attorney for the Trust, including the payment of any retainer or legal fee, or the commitment to pay any legal fee.
> 11. The formation and operation of the Trust;
> 12. The management of Trust assets including underlying real estate;
> 13. The Trust's records concerning Trustees, Protectors, beneficiaries and Trust assets;
> 14. The Trust's activities in the United States;
> 15. The Trustees' understanding of New York law concerning fraudulent transfers and attachments;
> 16. The Trustees' rights to fees, expenses, indemnification or any other payment;
> 17. The captioned adversary proceeding including all communications concerning same;
> 18. Orders entered in the captioned proceeding and any Trustee's review thereof and response thereto;
> 19. The Trustees' rights and obligations under the Trust Deed;
> 20. All statements in, and exhibits to, the Petition filed by the Trust in this adversary proceeding.

("Deposition Subject List") (Protective Order Motion, p. 15-16, ECF Doc. No. 125.)

**The Petition and Citibank's Response**

By the Petition, the Trusts seek to have the Restraining Orders vacated or amended as to the Trusts. The Trusts' arguments may be summarized as follows: (1) the Court lacks personal jurisdiction over the Trusts and therefore cannot attach property held by the Trusts, which, they contend, is not within the Court's jurisdiction; (2) even if the Court had jurisdiction over the Trusts or the property vested in the Trusts, the Court may not enter an order affecting the property vested in the Trusts because the Trusts are not proper garnishees under CPLR 6202; (3) Citibank may not attach property held by the Trusts without proving entitlement to that relief in an action to which the Trusts are parties; and (4) even if it were otherwise proper for Citibank to seek to attach property vested in the Trusts, Citibank cannot do so in this case because Citibank has failed to properly serve the Trusts. (Petition, p.11-16, ¶ 17, ECF Doc No. 150.)

Citibank's Alter-Ego Motion may be summarized as follows: (1) the Petition is procedurally defective for a variety of reasons, including that the Petition can only be properly brought by the Trustees; (2) because this Court has found, as explained in the Decision, that Freidman made the transfers of the Real Estate Entities to the Trusts at issue with the actual intent to hinder or defraud creditors, pursuant to New York Debtor & Creditor Law § 278(1)(b), Citibank is entitled to disregard Freidman's transfers to the Trusts and to attach or levy execution upon the property conveyed; and (3) even in the absence of New York Debtor & Creditor Law § 278(1)(b), Citibank would be entitled to attach the assets ostensibly transferred to the Trusts because the Trusts are Freidman's alter-egos. (Alter-Ego Motion, p.2-3, ¶ 1-3, ECF Doc. No. 156.)

**Determination of Protective Order Motion**

Though the Trusts maintain that no factual issues need be determined in order to rule upon the Petition, and that therefore the discovery Citibank seeks is unrelated to any claim or defense, it is clear that this is not the case.

Citibank has asserted, in opposition to the Petition, that the Trusts are alter-egos of Freidman. With the exception of item 15, which Citibank asserted at the Hearing it is no longer seeking to ask the prospective deponents about, and item 14, which Citibank explained at the Hearing is related to the possibility that jurisdiction over the Trusts can be established by pointing to contacts that the Corporate Trustees have with the United States, the remainder of the items in both the Document Request List and the Deposition Subject List are relevant to Citibank's assertion, in opposition to the relief sought in the Petition, that the Trusts are alter-egos of Freidman.

Accordingly, the Trusts are directed to produce the documents requested (with the exception of documents which were previously provided by Freidman or the Debtors), and, in addition, produce a Trustee or Trustees who are competent to testify on the subjects outlined in the Deposition Subject List with respect to all four Trusts (with the previously noted exception of item 15). To the extent that a Trustee can be produced who is competent to testify about the matters in the Deposition Subject List, with respect to all four Trusts, only one Trustee need be produced.

**NOW, THEREFORE,**

Upon the record of the Hearing and all the prior filings in this case, and for reasons set forth above;

**IT IS HEREBY**

**ORDERED,** that the Petition (ECF Doc. No. 150), the Alter-Ego Motion (ECF Doc. No. 156), and the Motion to Declare Levies Effective (ECF Doc. No. 142), shall be heard **June 22, 2016 at 9:30 a.m.** ("Rescheduled Hearing"); and it is further

**ORDERED,** that the Rescheduled Hearing shall be an evidentiary hearing, and the parties are directed to file a joint pre-trial order substantially in the form which can be found at http://www.nyeb.uscourts.gov/content/chief-judge-carla-e-craig under "Form Orders," by **June 17, 2016;** and it is further

**ORDERED,** that any other submissions regarding matters to be heard at the Rescheduled Hearing, including pre-trial briefs with respect to the motions to be heard at the Rescheduled Hearing, be filed by **June 17, 2016**, and it is further

**ORDERED**, the Protective Order Motion is denied to the extent provided herein; and it is further

**ORDERED.** that the Trusts are directed to provide discovery sought by Citibank as follows:

1. The Trusts shall provide those documents sought by Citibank described by the Document Request List, with the exception of those documents which were previously provided to Citibank by Freidman or the Debtors, by **May 20, 2016**.
2. The Trusts shall produce for deposition a Trustee or Trustees, who are competent to testify with respect to items 1-14 and 16-20 from the Deposition Subject List, with respect to each of the four Trusts. To the extent that one Trustee is competent to testify regarding these matters with respect to each of the four trusts only one Trustee need be produced. The deposition(s) shall take place during the week of **June 6, 2016-June 10, 2016**, unless such date is altered by mutual consent.

3. The Trusts shall respond to the four factual questions from the April 13 OSC (ECF Doc No. 131), by **May 20, 2016.**
4. At such time as a replacement for Orion Corporation and Trust Services Ltd. is appointed for the Evelyn Funding Trust, the Trusts are directed to provide the information regarding the identity of the new Trustee to Citibank, and to the extent that such Trustee has any documents or information responsive to the discovery requests set forth herein such Trustee is directed to promptly provide it to Citibank; and it is further

**ORDERED**, that Freidman shall respond to the four factual questions from the April 13 OSC (ECF Doc No. 131), by **May 20, 2016**, and that a deposition of Freidman shall be held during the week of **May 23, 2016-May 27, 2016,** unless such date is altered by mutual consent; and it is further

**ORDERED,** that with regard to Citibank's Motion for Summary Judgment against Freidman, the following schedule shall apply:

1. Freidman shall file his submission by **May 13, 2016.**
2. Citibank shall file any response by **May 20, 2016**; and it is further

**ORDERED,** that Citibank's Preclusion Motion (ECF Doc. No. 148) is adjourned to **June 22, 2016 at 9:30 a.m.**




**Dated: Brooklyn, New York**
**April 29, 2016**

**Carla E. Craig**
**United States Bankruptcy Judge**