UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re                                                    Chapter 7

HYPNOTIC TAXI LLC, et al.,                               Case No. 15-43300 (CEC)

                         Debtors.

--------------------------------------------------------x

CITIBANK, N.A.,
                                                         Adv. Pro. No.: 15-01185 (CEC)
                         Plaintiff,

v.

BOMBSHELL TAXI LLC, et al.,

                         Defendants.

--------------------------------------------------------x


<u>DECISION</u>

APPEARANCES:

Jantra Van Roy, Esq.                    Brett A. Berman, Esq.
Nathan Schwed, Esq.                     Fox Rothschild LLP
Zeichner Ellman & Krause LLP            2000 Market St.
1211 Avenue of the Americas             20th Floor
New York, NY 10036                      Philadelphia PA 19103
Attorneys for the Plaintiff             Attorneys for Defendant Evgeny Freidman

Paul S. Hollander, Esq.                 Michael D. Sirota, Esq.
Margreta M. Morgulas, Esq.              David Bass, Esq.
Okin Hollander LLC                      Cole Schotz P.C.
500 Frank W. Burr Blvd.                 1325 Avenue of the Americas
Suite 40, 2nd Floor, Glenpointe Centre West   19th Floor
Teaneck, New Jersey 07666               New York, New York 10019
Attorneys for The Lindy Funding Trust,  Attorneys for Defendant Evgeny Freidman
The Evelyn Funding Trust, The Kelly
Funding Trust, and The Birkin Funding Trust


CARLA E. CRAIG
Chief United States Bankruptcy Judge

This matter comes before the Court on the motion of Mr. Evgeny Freidman ("Freidman") and The Lindy Funding Trust, The Evelyn Funding Trust, The Kelly Funding Trust, and The Birkin Funding Trust (the "Trusts," and, with Freidman, the "Movants") for a stay pending appeal of this Court's order entered on April 10, 2017 (the "Discovery Order"). (Mot. for Stay Pending Appeal, ECF No. 434.)[1] The Discovery Order directed Freidman and the Trusts to produce all documents previously requested by the Plaintiff, Citibank, N.A. ("Citibank"), and withheld on the basis of the common interest doctrine. (Order, ECF No. 429.) The Discovery Order was entered as a result of this Court's finding, as explained in the decision dated April 10, 2017 (the "Discovery Decision"), that the Movants had not met their burden to show that they shared a common legal interest sufficient to invoke the common interest doctrine. (Decision, ECF No. 430.) In the absence of a common legal interest, the sharing of privileged material between the Trusts and/or their attorneys, on the one hand, and Freidman and/or his attorneys, on the other hand, constitutes a waiver of the attorney-client privilege and work product doctrine with respect to the shared material. See In re F.T.C., No. M18-304 (RJW), 2001 WL 396522, at *2 (S.D.N.Y. Apr. 19, 2001) (citations omitted).[2]

The materials ordered to be disclosed were the subject of a motion filed by Citibank on January 27, 2017 (the "Discovery Motion"), seeking production on several grounds, including the asserted failure of the Trusts to properly and timely disclose these communications on privilege logs, as well as the claim that the Movants do not share a common legal interest sufficient to invoke the common interest doctrine. (Mot. for Order to Show Cause, ECF No. 356.) The motion was first heard on February 27, 2017, and after the parties unsuccessfully

---

[1] Citations to "ECF No." are to documents filed in Adv. Pro. No. 15-01185-CEC, identified by docket entry number.
[2] A more complete discussion of the background of this proceeding may be found in the Discovery Decision.

attempted to arrive at an agreed statement of facts, an evidentiary hearing on the Discovery

Motion was held on March 27, 2017. (Tr. 2/27/17, ECF No. 425; Tr. 3/27/17, ECF No. 416.)[3]

The documents in question are sought for use in a trial, on a petition filed by the Trusts

challenging Citibank's garnishment of their assets pursuant to CPLR 6221 (the "Petition"),

scheduled to begin on May 2, 2017, which trial date was set at the February 27 hearing. (Tr.

2/27/17, ECF No. 425.) Pursuant to the Discovery Order, the Movants were directed to produce

these documents by April 18. (Order, ECF No. 429.) Instead, they filed an appeal and this

motion for a stay, pursuant to Fed. R. Bankr. P. 8007. (Mot. for Stay Pending Appeal, ECF No.

434.)

JURISDICTION

This Court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 1334(b), and the

Eastern District of New York standing order of reference dated August 28, 1986, as amended by

order dated December 5, 2012. This non-core proceeding is related to these bankruptcy cases.

Publicker Indus. Inc. v. United States (In re Cuyahoga Equip. Corp.), 980 F.2d 110, 114 (2d Cir.

1992). A bankruptcy judge may hear a non-core proceeding that is related to a bankruptcy case.

28 U.S.C. § 157(c)(1). Although bankruptcy courts may not enter final orders in non-core

proceedings absent consent of the parties, bankruptcy courts may enter interlocutory orders in

non-core proceedings. O'Toole v. McTaggart (In re Trinsum Grp., Inc.), 467 B.R. 734, 739-40

(Bankr. S.D.N.Y. 2012). An order directing the production of the discovery sought by Citibank is

interlocutory. See Chase Manhattan Bank, N.A. v. Turner & Newall, PLC, 964 F.2d 159 (2d Cir.

1992); Bower v. Weisman (In re Weisman), 835 F.2d 23 (2d Cir. 1987). This Court has authority

to hear this motion for a stay pending appeal pursuant to Fed. R. Bankr. P. 8007(a).

---

[3] "Tr." refers to the transcript of the hearing held on the date specified.

<u>DISCUSSION</u>

An application for a stay pending appeal from a decision of a bankruptcy court is governed by Bankruptcy Rule 8007, which requires a party to move first in the bankruptcy court for a stay pending appeal and related relief. Fed. R. Bankr. P. 8007(a). The decision to grant or deny a stay pending appeal lies within the discretion of the bankruptcy court. <u>In re Sabine Oil & Gas Corp.</u>, 551 B.R. 132, 142 (Bankr. S.D.N.Y. 2016).

In <u>In re Gen. Motors Corp.</u>, Bankruptcy Judge Gerber explained the factors to be considered in evaluating an application for a stay pending appeal:

> Though the factors that must have to be satisfied have been stated in slightly different ways, and sometimes in a different order, it is established that to get a stay pending appeal under Rule 8005[4], a litigant must demonstrate that:
>
> (1) it would suffer irreparable injury if a stay were denied;
>
> (2) there is a substantial possibility, although less than a likelihood, of success on the merits of movant's appeal;
>
> (3) other parties would suffer no substantial injury if the stay were granted; and that
>
> (4) the public interest favors a stay.
>
> <u>See</u>, <u>e.g.</u>, <u>Hirschfeld v. Bd. of Elections</u>, 984 F.2d 35, 39 (2d Cir.1992); <u>In re DJK Residential, LLC</u>, 2008 WL 650389 (S.D.N.Y. Mar.7, 2008) (Lynch, J.); <u>In re WestPoint Stevens, Inc.</u>, No. 06 Civ. 4128, 2007 WL 1346616, at *4 (S.D.N.Y. May 9, 2007) (Swain, J.).
>
> The burden on the movant is a "heavy" one. <u>See</u>, <u>e.g.</u>, <u>DJK</u>, 2008 WL 650389 at *2; <u>see also</u> <u>United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.</u>, 44 F.3d 1082, 1084 (2d Cir.1995). To be successful, the party must "show satisfactory

---

[4] In 2014, Bankruptcy Rule 8005 was revised and renumbered as Bankruptcy Rule 8007.

> evidence on all four criteria." In re Turner, 207 B.R. 373, 375 (2d
> Cir. BAP 1997) (citations and internal quotation marks omitted).

In re Gen. Motors Corp., 409 B.R. 24, 30 (Bankr. S.D.N.Y. 2009).

While some lower courts within the Second Circuit have held that the failure of the movant to satisfy any of the four criteria compels denial of a motion for a stay pending appeal, e.g., In re Baker, No. CV05-3487(CPS), 1-01-24227(DEM), 2005 WL 2105802, at *3 (E.D.N.Y. Aug. 31, 2005), other courts have approached the question as a balancing test. E.g., ACC Bondholder Grp. v. Adelphia Commc'ns Corp. (Adelphia Commc'ns Corp.), 361 B.R. 337, 347 (S.D.N.Y. 2007); Sabine Oil & Gas, 551 B.R. at 142-43. Each of the criteria for a stay pending appeal will be considered in turn.

A.  Irreparable Harm

Movants argue that the disclosure of communications for which a privilege is claimed necessarily constitutes irreparable harm, because once the materials are disclosed, the privilege is lost. (Mot. for Stay Pending Appeal, ECF No. 434.) They cite several cases in which writs of mandamus were granted by the Second Circuit to permit interlocutory review of discovery orders, based, in part, on the conclusion that disclosure of privileged information would create irreparable harm. E.g. In re von Bulow, 828 F.2d 94 (2d Cir. 1987); Chase Manhattan Bank, N.A. v. Turner & Newall, PLC, 964 F.2d 159 (2d Cir. 1992); In re Long Island Lighting Co., 129 F.3d 268 (2d Cir. 1997); In re Cty. of Erie, 473 F.3d 413 (2d Cir. 2007).

The Second Circuit employs a three-part test to determine whether mandamus review of a discovery order is appropriate, granting the writ only where "(A) the petition raises an important issue of first impression; (B) the privilege will be lost if review must await final judgment; and (C) immediate resolution will avoid the development of discovery practices or doctrine that undermine the privilege." Cty. of Erie, 473 F.3d at 416–17 (citing Turner & Newall and Long

Island Lighting Co.). In Turner & Newall, the court explained why limiting disclosure through such means as a confidentiality order may be inadequate to prevent the harm resulting from production of attorney-client privileged documents:

> In the case of the attorney-client privilege, however, a litigant claiming the privilege would probably prefer almost anyone other than adversary counsel to review the documents in question. The attorneys'-eyes-only condition simply does not limit disclosure to persons whose knowledge of the confidential communication is not material to the purpose of the privilege. To the contrary, it allows one kind of critical disclosure—to opposing counsel in litigation— that the privilege was designed to prevent.

964 F.2d at 164.

Notwithstanding this concern, in this case, the harm from requiring the Movants to disclose their communications may be mitigated, at least in part, by limiting disclosure in this adversary proceeding. Review of those communications could be limited to counsel and, potentially, selected representatives of Citibank; their use restricted to this adversary proceeding; and access to the trial transcript and exhibits in this proceeding could be similarly limited. If, on appeal from a final determination of the Trusts' Petition, it is determined that the Movants were entitled to invoke the common interest doctrine, then destruction or return of the disclosed communications can be ordered. To the extent that the outcome of the trial was based upon evidence found on appeal to be privileged, appropriate appellate relief could be fashioned.

Nevertheless, for the purposes of this motion, it will be assumed that the Movants have satisfied this prong of the four-part test.

B.  Substantial Possibility of Success on Appeal

Because the Discovery Order is interlocutory, the Movants' appeal is governed by 28 U.S.C. § 158(a), which provides for district court review of bankruptcy court interlocutory orders and decrees. The standard of review of an interlocutory order of the bankruptcy court under 28

U.S.C. § 158(a) is the standard which governs an interlocutory appeal under 28 U.S.C. § 1292(b) from the district court to the circuit court. Buckskin Realty Inc. v. Greenberg, 552 B.R. 40, 43 (E.D.N.Y. 2016); In re Poseidon Pool & Spa Recreational, Inc., 443 B.R. 271, 275 (E.D.N.Y. 2010); In re Futter Lumber Corp., 473 B.R. 20, 26 (E.D.N.Y. 2012). Section 1292(b) permits review of an interlocutory order only where the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

That standard is not met in this case. The question on this appeal is whether the Movants satisfied their burden to demonstrate that they share a common legal interest sufficient to invoke the common interest doctrine. The legal standard for the application of the common interest doctrine is well established. Gulf Islands Leasing, Inc. v. Bombardier Capital, Inc., 215 F.R.D. 466, 471-73 (S.D.N.Y. 2003); HSH Nordbank AG N.Y. Branch v. Swerdlow, 259 F.R.D. 64, 70-72 (S.D.N.Y. 2009). Movants submitted no evidence at trial or otherwise to demonstrate the existence of a common legal interest. (Decision, ECF No. 430.) Based upon the record of this proceeding, it appears that the Trusts and Freidman, their settlor, share at most a common economic or personal interest in the preservation of the Trusts' assets for the benefit of Freidman's relatives, who are beneficiaries of the Trusts. Id. Evidence submitted by Citibank shows that as of March 1, 2016, prior to the filing of the Trusts' petitions, Freidman resigned as protector of the Trusts and was removed as a discretionary beneficiary. (Pl.'s Ex. HH, Hr'g 3/27/17.) No evidence was introduced to show that he has any continuing interest in the Trusts. (Decision, ECF No. 430.) Nor has it been show that the Trusts have any legal interest in the outcome of Citibank's action against Freidman. Id. They are not defendants in that action, and though they may want Freidman to succeed in avoiding liability, on the theory that Citibank will

no longer pursue their assets for attachment or execution, such a shared desire to succeed in litigation does not qualify as the identical legal interest needed to invoke the common interest doctrine. <u>Shamis v. Ambassador Factors Corp.</u>, 34 F. Supp. 2d 879, 893 (S.D.N.Y.), on reargument, 187 F.R.D. 148 (S.D.N.Y. 1999) (citing Int'l Ins. Co. v. Newmont Min. Corp., 800 F. Supp. 1195, 1196 (S.D.N.Y. 1992)) ("[S]haring a desire to succeed in an action does not create a 'common interest.'"); <u>N. River Ins. Co. v. Columbia Cas. Co.</u>, No. 90 CIV. 2518 (MJL), 1995 WL 5792, at *4 (S.D.N.Y. Jan. 5, 1995) (The shared desire to succeed in litigation "does not qualify as an identical legal interest.").

Nor is the second prong which must be satisfied for an interlocutory appeal met here. Rather than advancing the ultimate termination of this litigation, immediate appeal, if accompanied by a stay, would delay the scheduled trial of this matter.

The Movants argue that Citibank is advocating "incompatible legal doctrines and positions" by asserting in response to the Petition that Freidman and the Trusts are alter egos, while simultaneously arguing that they are not entitled to invoke the common interest doctrine. (Mot. for Stay Pending Appeal, ECF No. 434, 20-21.) This argument ignores two points: first, it is the Movants' obligation to show that the doctrine applies, not Citibank's obligation to show that it does not. <u>Gulf Islands Leasing</u>, 215 F.R.D. at 472. Second, when the factual record is fully developed at trial, it may become apparent that there is no inconsistency: if, for example, Freidman and the Trusts did not share a common legal interest after March 1, 2016, when Freidman resigned as protector, or at some other point after Citibank's commencement of this litigation, that may not preclude a finding of alter ego status, based upon events or activity prior to that date, or based upon other conduct.

Movants' arguments that the Discovery Order is an inappropriately harsh sanction for any failure to properly disclose the communications in question in privilege logs are also misplaced. (Mot. for Stay Pending Appeal, ECF No. 434, 21-23.) The Discovery Order was not issued as a sanction for failure to disclose, but based upon the finding that the Movants had not met their burden to show that the common interest doctrine applies. (Decision, ECF No. 430, 12.) (Declining to decide whether production should be required based upon the alleged failure to properly disclose communications in privilege logs.)

For all of these reasons, the Movants have failed to demonstrate a substantial possibility of success on appeal.

C.  Lack of Substantial Injury to Other Parties and Public Interest Favoring a Stay

Movants argue that Citibank will not be prejudiced by a stay pending appeal. However, the Trusts' Petition and related matters, including the validity of Citibank's levy on Trust assets, are scheduled for trial commencing on May 2. Issuance of a stay pending appeal would require either adjournment of the trial, or require Citibank to proceed to trial without the documents in question. This delay adversely affects Citibank, to the extent it is competing with other creditors of Freidman to realize on the assets in question.

The public interest generally does not favor a stay of proceedings to permit interlocutory review of discovery orders. In re Weisman, 835 F.2d 23, 25 (2d Cir. 1987) (enumerating the "sound reasons" for the "general refusal of federal courts to allow interlocutory review of discovery orders."). One of these reasons, in particular, applies here: the fact that such an appeal "tends to delay or deter trial or settlement of a lawsuit." Id. (citations omitted). This matter has been pending for over a year and is scheduled for trial in two weeks. Extensive proceedings have

been had in this Court to get the parties to this point. This is not a circumstance where the public interest, to the extent that it is implicated, favors a stay.

<u>CONCLUSION</u>

Based upon a balancing of the four criteria to be considered in evaluating a motion for stay pending appeal, the Movants' request for a stay is denied.



**Dated: Brooklyn, New York**
**April 18, 2017**

_____
**Carla E. Craig**
**United States Bankruptcy Judge**

9